**DREHER LAW FIRM**
Robert Scott Dreher, SBN 120527
835 Fifth Avenue, Suite 202
San Diego, CA 92101
Telephone: (619) 230-8828
Facsimile: (619) 687-0142

**MILLER LAW FIRM**
Matthew R. Miller, SBN 194647
Carlos Americano, SBN 257070
835 Fifth Avenue, Suite 301
San Diego, CA 92101
Telephone: (619) 687-0143
Facsimile: (619) 687-0136

Attorneys for Defendant GAN SOUTHGATE

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, a California corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>GAN SOUTHGATE,<br><br>　　　　　Defendant. | Case No.: 3:12-cv-00369-DMS-WMC<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**<br><br>*FILED CONCURRENTLY WITH DEFENDANT'S COUNTERCLAIM* |

### DEFENDANT'S ANSWER

Defendant, GAN SOUTHGATE, by way of Answer to the First Amended Complaint of Malibu Media, LLC (the "MALIBU"), says:

/ / /

/ / /

---

# INTRODUCTION[1]

1. Defendant denies that MALIBU has any cause(s) of action against Defendant under the United States Copyright Act of 1976 or under any other legislation or at common law.

2. Denied in its entirety.

# JURISDICTION AND VENUE

3. Defendant denies that MALIBU has any cause of action against him; however, she admits that this court has subject matter jurisdiction over matters involving federal questions and copyrights.

4. Defendant denies the allegations of this paragraph. Even if the IP address in question (72.220.164.235) was associated with the high-speed internet router located in Defendant's home on or about December 13, 2011, that fact would not give rise to jurisdiction over the Defendant's person. An IP address is not a person but a designation assigned to a piece of technology, which can be accessed by multiple individuals; in addition, in a process commonly known as "spoofing" an IP address can be stolen or misused as follows: other devices can be configured with the same IP address or an individual can utilize technology to make his or her own IP address to appear to be another IP address.

5. Defendant denies the allegations of this paragraph, except to admit that she is a resident of the City of San Diego, County of San Diego, and State of California. MALIBU has failed to plead facts from which a reasonable trier of fact could conclude that this Court has personal jurisdiction over Defendant, or that venue is properly laid in this

---

[1] The headings of the Complaint are used in this Answer solely for the convenience of the Court. Defendant does not admit any of MALIBU's allegations by such use.

district. Defendant has no personal knowledge as to relevant information regarding any other doe defendants in this matter.

**PARTIES & FACTUAL BACKGROUND**

6. Defendant has no personal knowledge of these facts and can neither confirm nor deny and leaves MALIBU to its proofs.

7. Defendant admits that she is a resident of the state of California. Defendant has no knowledge as to the IP address provided by Cox Communications.

8. Defendant has no personal knowledge of these facts and can neither confirm nor deny and leaves MALIBU to its proofs.

9. Defendant has no personal knowledge of these facts and can neither confirm nor deny and leaves MALIBU to its proofs.

10. Defendant has no personal knowledge of these facts and can neither confirm nor deny and leaves MALIBU to its proofs.

11. Defendant has no personal knowledge of these facts and can neither confirm nor deny and leaves MALIBU to its proofs.

12. Defendant has no personal knowledge of these facts and can neither confirm nor deny and leaves MALIBU to its proofs.

13. Defendant has no personal knowledge of these facts and can neither confirm nor deny and leaves MALIBU to its proofs.

14. Defendant has no personal knowledge of these facts and can neither confirm nor deny and leaves MALIBU to its proofs.

15. Defendant denies the allegations of this paragraph. Even if the IP address in question (72.220.164.235) was associated with the high-speed internet router located in Defendant's home on or about December 13, 2011, that fact would not give rise to

jurisdiction over the Defendant's person. An IP address is not a person but a designation assigned to a piece of technology, which can be accessed by multiple individuals; in addition, in a process commonly known as "spoofing" an IP address can be stolen or misused as follows: other devices can be configured with the same IP address or an individual can utilize technology to make his or her own IP address to appear to be another IP address.

16. Defendant has no personal knowledge of these facts and can neither confirm nor deny and leaves MALIBU to its proofs.

17. Defendant has no personal knowledge of these facts and can neither confirm nor deny and leaves MALIBU to its proofs.

18. Defendant has no personal knowledge of these facts and can neither confirm nor deny and leaves MALIBU to its proofs.

19. Defendant denies the allegations of this paragraph. Even if the IP address in question (72.220.164.235) was associated with the high-speed internet router located in Defendant's home on or about December 13, 2011, that fact would not give rise to jurisdiction over the Defendant's person. An IP address is not a person but a designation assigned to a piece of technology, which can be accessed by multiple individuals; in addition, in a process commonly known as "spoofing" an IP address can be stolen or misused as follows: other devices can be configured with the same IP address or an individual can utilize technology to make his or her own IP address to appear to be another IP address.

20. Defendant has no personal knowledge of these facts and can neither confirm nor deny and leaves MALIBU to its proofs. However, even if the IP address in question (72.220.164.235) was associated with the high-speed internet router located in Defendant's

home on or about December 13, 2011, that fact would not give rise to jurisdiction over the Defendant's person. An IP address is not a person but a designation assigned to a piece of technology, which can be accessed by multiple individuals; in addition, in a process commonly known as "spoofing" an IP address can be stolen or misused as follows: other devices can be configured with the same IP address or an individual can utilize technology to make his or her own IP address to appear to be another IP address.

21.     Defendant has no personal knowledge of these facts and can neither confirm nor deny and leaves MALIBU to its proofs. However, even if the IP address in question (72.220.164.235) was associated with the high-speed internet router located in Defendant's home on or about December 13, 2011, that fact would not give rise to jurisdiction over the Defendant's person. An IP address is not a person but a designation assigned to a piece of technology, which can be accessed by multiple individuals; in addition, in a process commonly known as "spoofing" an IP address can be stolen or misused as follows: other devices can be configured with the same IP address or an individual can utilize technology to make his or her own IP address to appear to be another IP address.

22.     Defendant has no personal knowledge of these facts and can neither confirm nor deny and leaves MALIBU to its proofs. However, even if the IP address in question (72.220.164.235) was associated with the high-speed internet router located in Defendant's home on or about December 13, 2011, that fact would not give rise to jurisdiction over the Defendant's person. An IP address is not a person but a designation assigned to a piece of technology, which can be accessed by multiple individuals; in addition, in a process commonly known as "spoofing" an IP address can be stolen or misused as follows: other devices can be configured with the same IP address or an individual can utilize technology to make his or her own IP address to appear to be another IP address.

23. Defendant has no personal knowledge of these facts and can neither confirm nor deny and leaves MALIBU to its proofs.

24. Defendant has no personal knowledge of these facts and can neither confirm nor deny and leaves MALIBU to its proofs.

## COUNT I:
### Direct Infringement Against Defendant.

25. Paragraph 25 of MALIBU's complaint asserts no allegation against this answering Defendant and therefore, this answering Defendant neither admits nor denies the allegations of paragraph 25.  Defendant incorporates her denials and admissions or denial for lack of knowledge and information as contained in Paragraph 1 through 24 above, as if set forth in full herein.

26. Defendant has no personal knowledge of these facts and can neither confirm nor deny and leaves MALIBU to its proofs.

27. Denied in its entirety.

28. Denied in its entirety.

29. Denied in its entirety, including subparts (A) – (D).

30. Denied in its entirety.

31. Defendant has no personal knowledge of these facts and can neither confirm nor deny and leaves MALIBU to its proofs.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim for Relief)

MALIBU has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Statutory Damages)**

MALIBU's claim for statutory damages under 17 U.S.C. § 504 is barred because MALIBU's copyright registrations were not made within three months after the first publication of the allegedly infringing works, as required by 17 U.S.C. § 412.

### THIRD AFFIRMATIVE DEFENSE
**(Unconstitutionally Excessive Damages)**

MALIBU's claims are barred because the damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process clause.

### FOURTH AFFIRMATIVE DEFENSE
**(Lack of Originality)**

MALIBU's works lack originality and are thus not protectable by copyright.

### FIFTH AFFIRMATIVE DEFENSE
**(Invalidity or Unenforceability of Copyright)**

MALIBU's copyrights are invalid and/or unenforceable.

### SIXTH AFFIRMATIVE DEFENSE
**(Fair Use)**

MALIBU's claims are barred by the doctrine of fair use.

### SEVENTH AFFIRMATIVE DEFENSE
**(Estoppel)**

MALIBU's claims are barred by estoppel.

### EIGHTH AFFIRMATIVE DEFENSE
**(Unclean Hands)**

MALIBU's claims are barred by the doctrine of unclean hands.

/ / /

**NINTH AFFIRMATIVE DEFENSE**
**(Waiver)**

MALIBU's claims are barred by waiver.

**TENTH AFFIRMATIVE DEFENSE**
**(Authorized Use)**

MALIBU authorized, impliedly or explicitly, Defendant's allegedly infringing use of its works, and MALIBU's claims are therefore barred by the doctrine of implied license.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(License, Consent and Acquiescence)**

MALIBU's claims are barred by MALIBU's license, consent, and acquiescence to the "use" alleged.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

To the extent MALIBU suffered any damages, which Defendant expressly denies; MALIBU has failed to take the steps necessary to mitigate the damages sustained.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Forfeiture or Abandonment)**

MALIBU's claims are barred to the extent it has forfeited or abandoned its intellectual property.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Misuse of Copyright)**

MALIBU's claims are barred by the doctrine of misuse of copyright.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Innocent Intent)**

MALIBU's claims are barred, in whole or in part, because Defendant's conduct was in good faith and with non-willful intent, at all times.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Injunctive Relief)

MALIBU is not entitled to injunctive relief because any alleged injury to MALIBU is not immediate or irreparable, and MALIBU has an adequate remedy at law.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Unknown Defenses)

Pursuant to FRCP 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and therefore Defendant reserves the right to amend her answer to allege additional defenses, if subsequent investigation so warrants.

### Prayer For Relief

Defendant requests judgment in her favor and as follows:

1. MALIBU take nothing;

2. For costs, fees and expenses of suit as allowed by law; and

3. For such relief that the Court deems just and proper.

Respectfully submitted,

**DREHER LAW FIRM**

Dated: August 22, 2012   By:   */s/ Robert Scott Dreher*
Robert Scott Dreher
Email: scott@dreherlawfirm.com
Attorneys for Defendant